UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

**MARTIN LUTHER BASKERVILLE,**

                  **Plaintiff,**                07-CV-0630(Sr)

v.

**REGISTERED NURSE K. TREMLETT**
**et al.,**

                  **Defendants.**

_____

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #10.

Plaintiff, an inmate of the New York State Department of Corrections and Community Supervision ("NYSDOCCS"), filed this *pro se* action seeking relief pursuant to 42 U.S.C. § 1983 based upon allegations that NYSDOCCS' employees acted with deliberate indifference to his serious medical needs in failing to provide him with a permit for a bottom bunk, causing him to fall from the top bunk and further injure his back. Dkt. #1.

Currently before the Court is plaintiff's motion to appoint counsel. Dkt. #57. In support of the motion, plaintiff states that he requires legal assistance to further investigate his claim and properly examine defendants' witnesses. Dkt. #57. Plaintiff

argues his medical condition makes it difficult for him to concentrate on complex issues and prevents him from seeking assistance from other inmates lest they become aware of his confidential medical condition. Dkt. #57.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;
2. Whether the indigent is able to investigate the crucial facts concerning his claim;
3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
4. Whether the legal issues involved are complex; and
5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives

society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

Plaintiff has demonstrated an ability to inform the court of the factual allegations supporting his legal claim and has not established that the appointment of counsel is warranted at this time under the factors set forth above. Accordingly, plaintiff's motion for appointment of counsel (Dkt. #57), is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**SO ORDERED.**

DATED:    Buffalo, New York
              September 27, 2012

                                          <u>s/ H. Kenneth Schroeder, Jr.</u>
                                          H. KENNETH SCHROEDER, JR.
                                          United States Magistrate Judge